**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**

ERNEST HARRIS, # 10940-424,  *
    Petitioner
        *
   v.          Civil Action No. RWT-05-236
        *
STEPHEN DEWALT, WARDEN,
    Respondent   *
        *****

**MEMORANDUM OPINION**

Pending is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed pro se by Ernest Harris, a federal prisoner incarcerated at the Federal Correctional Institution in Cumberland, Maryland. In this habeas application, Petitioner challenges the calculation of his prison jail time credits. Respondent, Warden Stephen Dewalt, through counsel, has filed a Response to the Petition. (Paper No. 4). Petitioner has filed a Reply. (Paper No. 7). Upon review of the pleadings, exhibits, and applicable law, the Court determines that no hearing is necessary, and the Petition will be denied with prejudice. See Local Rule 105.6 (D. Md. 2004).

**I. Petitioner's Claims**

Petitioner contends that he is entitled to additional credit for jail time served in state custody. Specifically, he claims that the Bureau of Prisons ("BOP") has failed to credit "from January 8, 2001 through October 22, 2001 whereupon the United States Marshals lodge[d] a warrant for Petitioner's arrest on the federal arrest therefrom May 22, 2000, this occurring on or about January 8, 2001, upon being arrested by the Detroit Police Department." (Paper No. 1).

## II. Factual Background

Petitioner was arrested by federal authorities on May 22, 2000. (Paper No. 4 at Ex. 1). He was released on bond on May 31, 2000. (Id.) On June 8, 2000, a warrant was issue by the U.S. Marshals Service for Petitioner's failure to comply with conditions of release. The Detroit Police Department arrested Petitioner on January 8, 2001, for resisting and obstructing an officer and for domestic violence. (Id., Attachment A). He was sentenced by state/local authorities in Michigan on February 2, 2001, to two concurrent 365 day terms in the Wayne County Jail. (Id.) Petitioner's state/local sentence was computed to commence on the date the sentence was imposed--February 2, 2001. He was awarded 42 days prior credit and 60 days good time credit. (Id.)

On August 15, 2001, Petitioner was removed from the Wayne County Jail and placed in U.S. Marshals Service custody pursuant to a Writ of Habeas Corpus Ad Prosequendum. ( Id., Attachment B). Thereafter Petitioner's state/local sentence ran uninterrupted and on October 22, 2001, the state/local sentences expired. (Id., Attachment C).

On January 25, 2002, Petitioner pled guilty, in the United States District Court for the Northern District of Illinois, to violating 21 U.S.C. § 843(b) and was sentenced to a term of 169 months incarceration. (Id., Attachment D). On February 14, 2002, Petitioner was returned to the Wayne County Jail. (Id., Attachment B). Petition was held over at various BOP facilities and U.S. Marshals Service contract facilities until arriving at his designated institution, FCI-Cumberland, on April 22, 2002. (Id., Attachment E).

The Bureau of Prisons (BOP) calculated petitioner's federal sentence to begin on the day of sentencing and awarded Petitioner jail credits for: 1) May 22, 2000 to May 31, 2000, the period of time

Petition was in federal custody after his arrest until he was released on bond; and 2) October 23, 2001 to January 24, 2002, the period of time between when his state/local sentence expired and he was sentenced on his federal charges.[1] Id., Attach E. Petitioner was awarded a total of 104 days jail credit. Id., Attach E. Petitioner's projected release date with good conduct time is October 1, 2008. Id., Attach. E.

### III. Analysis

Petitioner contends that he should have received jail credit from January 8, 2001, the date he was arrested by state/local authorities, to October 22, 2001, the date his state/local sentence expired. (Paper No. 1). There is, however, no factual or legal basis for his position.

After a federal district court sentences an offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See United States v. Wilson, 503 U.S. 329, 335 (1992). "The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody. See United States v. Montez-Gaviria, 163 F. 3d 697. 700-01 (2nd Cir. 1998); see also 18 U.S.C. §35859(a) ("a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served."). A federal sentence does not commence until the Attorney General receives defendant into custody for service of the federal sentence. Chambers

---

[1] Petitioner was not credited with this time until he filed a BP-10 with the Regional Office and staff reviewed Petitioner's sentence computation. At that time it was determined that Petitioner was entitled to jail credit for this period of time and same was awarded. (Paper No. 4, at Ex. 1).

v. Holland, 920 F. Supp. 618 (M.D. Pa. 1996); U.S. v. Smith, 812 F.Supp. 368 (E.D. N.Y 1993).[2] In light of the above, there is neither factual nor legal basis for Petitioner's contention that he is due jail credit from January 8, 2001, the date he was arrested on state/local charges.

Petitioner's challenge to the award of jail time credit by the BOP also fails. Prior custody credit is governed by 18 U.S.C. § 3585 (b) which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C §3585(b). Further, the Supreme Court has held that under 18 U.S.C. §3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. at 337. Under §3585(b), prior custody credit cannot be granted if the prisoner received credit toward another sentence.[3] See United States v. Brown, 977 F. 2d 574 (4th Cir. 1992); United States v. Goulden, 54 F. 3d 774 (4th Cir. 1995); Dorsey v. Bodgen, 188 F. Supp. 2d 587, 590 (D. Md. 2002).

After the BOP determined Petitioner's sentence commenced on January 25, 2002, the BOP awarded Petitioner jail credit for the entire period he remained in federal custody prior to the start of his sentence, October 23, 2001 (the day after his state/local sentence expired) through January 24, 2002 (the day prior to the commencement of his federal sentence). In addition, Petitioner was credited for May 22,

---

[2] Although this Court is unaware of any published Fourth Circuit decisions on this question, in United States v. McLean, 867 F. 2d 609 (4th Cir. 1989), the appellate court issued an unpublished opinion agreeing with the ruling in United States v. Flores, 616 F. 2d 840, 841 (5th Cir. 1980), and stated that "a federal sentence cannot commence prior to the date it is pronounced." 867 F.2d at 609.

[3] Program Statement 5880.28, Sentence Computation Manual, which contains BOP policy for calculating sentences, was promulgated pursuant to 18 U.S.C. §3585.

2000 to May 31, 2000, the period of time he was in federal custody after his arrest until he was released on bond. Therefore the only remaining period for which jail time credit is sought--February 2, 2001 to October 22, 2001-- is at issue. Petitioner is not entitled to credit on his federal sentence for this period because it had already been credited to his Michigan sentence. The fact that Petitioner was not permitted to participate in the Wayne County Jail's work release program is of no import. Petitioner remained in custody during this time and his time was credited to his state/local sentence.

### IV. Conclusion

Accordingly, the petition for writ of habeas corpus is denied. A separate Order shall be issued in accordance with this Memorandum Opinion.

|  |  |
|---|---|
|    5/12/05    |    /s/    |
| Date | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |